IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS CRISSMAN<br>139 Beechwood Drive<br>Youngstown, Ohio, 44512<br><br>    Plaintiff,<br><br>    v.<br><br>CHIPOTLE SERVICES, LLC<br>610 Newport Center Drive,<br>Newport Beach, California, 92660<br><br>    **Serve also:**<br>    Corporation Service Company,<br>    Registered Agent<br>    1160 Dublin Road, Suite 400<br>    Columbus, Ohio, 43215<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT AND OHIO FAIR MINIMUM<br>WAGE STANDARDS ACT** |

Plaintiff, Marcus Crissman, by and through undersigned counsel, as his Complaint against Defendant Chipotle Service, LLC, ("Chipotle") states and avers the following:

## PARTIES.

1. Crissman is an individual residing in Mahoning County, Ohio.

2. Chipotle is a Colorado Corporation that owns and operates "Chipotle" restaurants throughout Ohio, including the Canfield, Ohio location that employed Crissman.

## PERSONAL JURISDICTION.

3. Chipotle owns or rents property in Ohio, hires citizens of the state of Ohio, and contracts with companies in Ohio. As such, the exercise of personal jurisdiction over Chipotle comports with due process.

4. This cause of action arose from or relates to the contacts of Chipotle with Ohio residents, thereby conferring specific jurisdiction over Chipotle.

## SUBJECT MATTER JURISDICTION AND VENUE.

5. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the OMFWSA claim because that claim derives from a common nucleus of operative facts, namely Crissman's employment with Chipotle.

7. Venue is proper in this District because Chipotle does a sizeable portion of its business in this District and all of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

8. At all times referenced herein, Chipotle formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

## OMFWSA COVERAGE.

9. At all times referenced herein, Chipotle was Crissman's "employer" as that term is defined by Article II, Sec. 34a of the Ohio Constitution.

## FACTUAL ALLEGATIONS.

10. Crissman is a former employee of Chipotle.

11. Crissman was hired by Chipotle to work at its Canfield, Ohio location on or about April 14, 2025.

12. Chipotle promised to pay Crissman an hourly rate of $14.00.

13. Crissman first reported to work on May 2, 2025.

14. Crissman worked approximately five (5) hours on May 2, 2025.

15. Crissman resigned his employment with Chipotle after working his May 2, 2025 shift.

16. Chipotle never paid Crissman any wages for the hours he worked on May 2, 2025.

17. Subsequently, Crissman followed up with the Canfield Chipotle's General Manager, Lexa Miller, about his pay.

18. Miller promised Crissman that she would she would contact payroll and follow up with him.

19. Miller never followed up with Crissman.

20. As a large business that operates restaurants throughout the country, Chipotle knows it is required to pay its employees at least the minimum wage for all hours worked.

21. Chipotle knew that Crissman worked on May 2, 2025, but knowingly chose not to pay him.

22. Knowing that Crissman had performed services on May 2, 2025, and having been directly notified of the non-payment by the employee, Chipotle acted with a lack of good faith by deliberately refusing to compensate him for hours worked

23. As a result of Chipotle's wrongful conduct, Crissman has suffered damages.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

24. Crissman re-alleges and incorporates by reference the allegations set forth in paragraphs 1-23, above.

25. The FLSA requires each covered employer, such as Chipotle, to pay all non-exempt employees at least the minimum wage for all hours worked.

26. Throughout his employment with Chipotle, Crissman was non-exempt from the minimum wage requirements of the FLSA.

27. Chipotle failed to pay Crissman at least the minimum wage for the hours he worked on May 2, 2025.

28. In stealing wages from Crissman, Chipotle acted without a good faith belief that their conduct conformed with the legal requirements of the FLSA.

29. Crissman is entitled to all legal and equitable remedies available for Defendants' violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGES STANDARDS ACT.**

30. Crissman re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 29, above.

31. In 2025, the OMFWSA required employers to pay a minimum wage of at least $10.70 per hour to all non-exempt employees.

32. In denying Crissman compensation at the requisite Ohio minimum wage rate, Chipotle violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

33. As a direct and proximate result of Chipotle's unlawful conduct, Crissman has suffered and will continue to suffer a loss of income and other damages.

34. Having violated the OMFWSA, Chipotle is liable to Crissman for the full amount of his unpaid minimum wages, exemplary damages, and for his costs and reasonable attorneys' fees.

**COUNT III: VIOLATION OF THE OHIO PROMPT PAY ACT.**

35. Crissman re-alleges and incorporates by reference the allegations set forth in paragraphs 1-34, above.

36. During all times material to this complaint, Chipotle was an entity covered by the OPPA; and Crissman was employed by Chipotle within the meaning of OPPA.

37. The OPPA required that Chipotle pay Crissman all wages, including unpaid minimum wage and overtime, on or before the first day of each month, for wages earned by Crissman during the first half of the preceding month ending with the fifteenth day thereof, and on or before

the fifteenth day of the month, for wages earned by Crissman during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

38. During all times material to this complaint, Crissman was not paid the wage to which he was entitled within 30 days of performing the work. See O.R.C.§ 4113.15(B).

39. In violating the OPPA, Chipotle acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV: BREACH OF IMPLIED CONTRACT.

40. Crissman re-alleges and incorporates by reference the allegations set forth in paragraphs 1-39, above.

41. Chipotle offered to pay Crissman $14.00 per hour for his work.

42. Crissman accepted Chipotle's offer.

43. Crissman' performance of work for Chipotle constituted acceptance of Chipotle's offer of employment.

44. Thereafter, Chipotle failed to pay Crissman as agreed.

45. An award of unpaid minimum wage is not sufficient to make Crissman whole for the wages he was promised, but denied.

46. Chipotle's failure to pay Crissman at the rate of $14.00 per hour for work he performed in the weeks and days immediately preceding his resignation constitutes a breach of implied contract.

47. As a direct and proximate cause of Chipotle's wrongful conduct, Crissman suffered and will continue to suffer damages.

## COUNT V: PROMISSORY ESTOPPEL.

48. Crissman re-alleges and incorporates by reference the allegations set forth in paragraphs 1-47, above.

49. Chipotle represented to Crissman that he would be paid, on an hourly basis, $14.00 per hour.

50. Crissman relied on Chipotle's representations.

51. It was reasonable for Crissman to rely on Chipotle's representations.

52. Crissman's reliance on Chipotle's representations caused him to accept employment with Chipotle.

53. Chipotle did not compensate Crissman for the work he performed between May 2, 2025.

54. Crissman's reliance on Chipotle's representations was detrimental to him.

55. As a direct and proximate cause of Chipotle' wrongful conduct, Crissman suffered and will continue to suffer damages and injustice can be avoided only by enforcing the promise Chipotle made to Crissman.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff Marcus Crissman requests judgment in his favor against Defendant Chipotle.com Service, LLC, containing the following relief:

(a) Awarding Crissman unpaid minimum wages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(b) All statutory damages provided for by Section 34a of Article II, Ohio Constitution and Ohio R.C. § 4111.14(J);

(c) Awarding pre-judgment and post-judgment interest as provided by law;

(d) Awarding reasonable attorneys' fees and costs; and

(e) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:     (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Marcus Crissman*

## JURY DEMAND

Plaintiff Marcus Crissman demand a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**